*E-FILED - 11/20/08*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL E. RAY, | No. C 06-6002 RMW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JOHN MARSHALL, Warden, | |
| Respondent. | |

**INTRODUCTION**

Petitioner Paul Ray, a California state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his sentence for bank robbery. In response to the order to show cause, respondent has filed an answer addressing the merits of the petition and petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claim presented and will deny the petition.

**BACKGROUND**

Petitioner and an accomplice robbed a bank in 2002. A Santa Clara County Superior Court jury convicted petitioner of one count of second-degree robbery (Cal. Pen. Code §§ 211, 212.5) and

Order Denying Petition for Writ of Habeas Corpus
G:\Pro-Se\SJ.RMW\HC.06\Ray002.hcruling.md

one count of conspiracy to commit robbery (id. § 182(a)(1)) for this crime. Ans., Ex. 3 (People v. Jones, et al., No. H025679 (Cal. Ct. App. Sept. 14, 2004)) at 1). The trial court found that petitioner previously had been found guilty of robbery, which is a serious felony under California Penal Code §§ 667(a) and 1192.7(c)(19), a violent felony under § 667.5(c)(9), and a strike within the meaning of §§ 667(d) and 1170.12(b). Id.; Ex. 2, Vol. 2 (Reporter's Transcript, 10/21/02) at 1130-31. The trial court also found that petitioner previously had been convicted of burglary (Cal. Pen. Code § 459). The trial court sentenced petitioner to the middle term of three years for the robbery and doubled it pursuant to §§ 667(b)-(i) and 1170.12, and added a consecutive five years pursuant to § 667(a) and a consecutive year pursuant to § 667.5(b).[1] Id.; Respondent's Mem. of P. & A. at 2. The total sentence was twelve years. Ans., Ex. 3 at 1.

Petitioner appealed. The California Court of Appeal for the Sixth Appellate District, in an unpublished opinion, affirmed the judgment. Id. at 12. The California Supreme Court denied his petition for review and his petition for a writ of habeas corpus. Ans., Exs. 4 & 5. Petitioner filed this federal habeas action in 2006.

As grounds for federal habeas relief, petitioner alleges that the provisions applied for sentencing imposed dual punishment for the same offense in violation of the Double Jeopardy Clause.[2] Order to Show Cause at 2.[3]

## STANDARD OF REVIEW

A federal habeas court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court may not grant a petition with respect to any claim that was adjudicated on the

---

1. The trial court also sentenced petitioner to six years in state prison for the conspiracy conviction, but stayed imposition of the sentence under California Penal Code § 654. Ans., Ex. 2, Vol. 2 (Reporter's Transcript, 2/27/03) at 1138.

2. Petitioner also contends that the application of the sentencing provisions was illegal under California Penal Code § 654. Pet. at 3. Because a federal habeas court has jurisdiction only over federal constitutional claims, this court will not address petitioner's claim that is based solely on § 654.

3. In the Order to Show Cause the court dismissed petitioner's claim of a breach of a prior plea agreement.

Order Denying Petition for Writ of Habeas Corpus
G:\Pro-Se\SJ.RMW\HC.06\Ray002.hcruling.md          2

1  merits in state court unless the state court's adjudication of the claim "resulted in a decision that
2  was contrary to, or involved an unreasonable application of, clearly established Federal law, as
3  determined by the Supreme Court of the United States." Id. § 2254(d)(1).

4  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court
5  arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if
6  the state court decides a case differently than [the Supreme] Court has on a set of materially
7  indistinguishable facts." Williams v. (Terry) Taylor, 529 U.S. 362, 412-13 (2000). "Under the
8  'unreasonable application clause,' a federal habeas court may grant the writ if the state court
9  identifies the correct governing legal principle from [the Supreme] Court's decisions but
10 unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

11 A federal habeas court may also grant the writ if it concludes that the state court's
12 adjudication of the claim "resulted in a decision that was based on an unreasonable determination
13 of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254
14 (d)(2). The court must presume correct any determination of a factual issue made by a state court
15 unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28
16 U.S.C. §2254(e)(1).

17 The state court decision to which § 2254(d) applies is the "last reasoned decision" of the
18 state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d
19 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to
20 consider the petitioner's claims, the court looks to the last reasoned opinion. See Nunnemaker at
21 801-06; Shackleford v. Hubbard, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). Where the state court
22 gives no reasoned explanation of its decision on a petitioner's federal claim and there is no
23 reasoned lower court decision on the claim, a review of the record is the only means of deciding
24 whether the state court's decision was objectively reasonable. See Himes v. Thompson, 336 F.3d
25 848, 853 (9th Cir. 2003). When confronted with such a decision, a federal court should conduct
26 "an independent review of the record" to determine whether the state court's decision was an
27 unreasonable application of clearly established federal law. Id.

28 If constitutional error is found, habeas relief is warranted only if the error had a

Order Denying Petition for Writ of Habeas Corpus
G:\Pro-Se\SJ.RMW\HC.06\Ray002.hcruling.md        3

"'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

## DISCUSSION

Petitioner contends that the trial court, by doubling his robbery sentence under Three Strikes (Cal. Pen. Code §§ 667(b)-(i) and 1170.12) for his prior conviction, violated his rights under the Double Jeopardy Clause.[4]  Pet. at 3. The state appellate court apparently did not rule on this claim.

The use of prior convictions to enhance sentences for subsequent convictions does not violate the Double Jeopardy Clause. See Spencer v. Texas, 385 U.S. 554, 560 (1967). Enhanced punishment imposed for a later offense "'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" Witte v. United States, 515 U.S. 389, 400 (1995) (quoting Gryger v. Burke, 334 U.S. 728, 732 (1948)).

Petitioner's claim is foreclosed by Supreme Court precedent, which holds that using a prior conviction to increase a sentence for a new conviction, as happened in petitioner's case, does not violate the Double Jeopardy Clause.

On a final note, petitioner cites to several Supreme Court cases, such as Apprendi v. New Jersey, 530 U.S. 466 (2000), that address a criminal defendant's Sixth Amendment right to have all facts used to enhance his sentence submitted to a jury and found true beyond a reasonable doubt. Apprendi and its related cases are, however, not applicable to the instant matter because Apprendi specifically excepted the fact of a prior conviction from this rule. Id. at 490.

Accordingly, the court finds that the state court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254 (d)(1), (2).

---

4. Petitioner cites as authority provisions from The United States Sentencing Guidelines Manual. Pet at 3. Because those guidelines apply only to federal sentences, and not to state sentences, the federal sentencing guidelines are not applicable to the instant matter.

Order Denying Petition for Writ of Habeas Corpus
G:\Pro-Se\SJ.RMW\HC.06\Ray002.hcruling.md          4

**CONCLUSION**

The court finds that petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings. Accordingly, the petition for writ of habeas corpus is DENIED. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: 11/17/08

/s/ Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

Order Denying Petition for Writ of Habeas Corpus
G:\Pro-Se\SJ.RMW\HC.06\Ray002.hcruling.md            5